UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rony Dabady,<br>Individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>             -v-<br><br>Smart Chicken Corp.,<br><br>                                    Defendant. | Civ. Action #:<br><br>**COMPLAINT**<br>**(Collective & Class Action)**<br><br>Date Filed:<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Rony Dabady ("plaintiff" or "Dabady"), on behalf of himself, and all others similarly-situated, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendant, respectfully alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges on behalf of himself, and other similarly-situated current and former hourly employees who worked for the defendant, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly-situated current and former hourly employees who worked for defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations

thereunder as well as NYLL 190-198 and the regulations thereunder.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202

## THE PARTIES

6. Plaintiff Rony Dabady ("plaintiff" or "Dabady") is an adult, over eighteen years old, who currently resides in Nassau County in the State of New York.

7. Upon information and belief and at all times relevant herein, defendant Smart Chicken Corp., ("Smart Chicken") was a domestic for-profit corporation organized and existing under the laws of the State of New York and duly authorized to do business in New York.

8. Upon information and belief and all times relevant herein, defendant Smart Chicken maintained a place of business at 219-03 North Conduit Avenue, Springfield Gardens, NY 11434 where it employed plaintiff.

9. "Plaintiff" as used in this complaint refers to the named plaintiff, except, that as to the class and collective action allegations under New York Labor Law and the FLSA respectively, "plaintiff" refers to the named plaintiff as well as those similarly-situated as putative class members as further defined below.

10. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

11. Upon information and belief, and at all relevant times herein, defendant was engaged in the fast food business in the New York tri-state area.

12. Upon information and belief, and at all relevant times herein, defendant was a part of the national Popeye's franchise and operated at several locations. See www.popeyes.com.

13. Upon information and belief and at all times relevant herein, defendant employed several dozen employees across several locations.

14. Plaintiff Rony Dabady was employed by defendant from around December 2013 to on or about June 23, 2014 at defendant's place of business located at 219-03 N Conduit Ave, Springfield Gardens, NY 11434.

15. At all times relevant herein, plaintiff was employed by defendant as a manual worker performing functions such as manually unloading and unpacking supplies that traveled interstate, as well as cleaning, mopping, dishwashing, etc.

16. At all times relevant herein, plaintiff was employed by defendant as an hourly employee.

17. At all times relevant herein, plaintiff was paid at a rate of $8 per hour.

18. At all times relevant herein, plaintiff was employed at one of defendant's several locations at 219-03 N Conduit Ave, Springfield Gardens, NY 11434.

19. Upon information and belief and at all times relevant herein, plaintiff worked about 50-60 hours a week, 5-6 days a week. See Ex.1.

20. The amount of plaintiff's hours and wages will be refined when defendant produces wage and time records it was required to keep under the FLSA (29 USC 211 and 29 CFR 516) and

NYLL (NYLL 195 and 12 NYCRR 142-2.6).

21. At all relevant times herein and for the time plaintiff was employed by defendant, he worked more than forty (40) hours in a week for some or all weeks.

22. At all times relevant herein and for the time plaintiff was employed by defendant, defendant failed and willfully failed to pay plaintiff an overtime rate of at least 1 ½ times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

23. At all times relevant herein, defendant had a policy of paying plaintiff and the putative class members their regularly hourly rate for all hours worked – defendant paid the same rate for overtime hours that it paid for non-overtime hours. See Ex. 1.

24. Plaintiff incorporates herein, <u>accurate</u> records of his time, wages and employment that defendant was required to keep pursuant to the FLSA and NYLL.

25. Upon information and belief and at all times relevant herein, defendant had annual revenues and/or expenditures in excess of $500,000.

26. Upon information and belief, and at all times relevant herein, defendant conducted business with insurance companies within and outside the state of New York.

27. Plaintiff herein incorporates and references the records of defendant's commerce, business volume and operations that defendant was required to keep pursuant to the FLSA including under 29 CFR § 516.

28. Upon information and belief and at all times relevant herein, defendant purchased supplies and materials from vendors within and outside the state of New York.

29. At all times applicable herein and upon information and belief, defendant utilized the goods, materials, and services through interstate commerce such as food supplies and eating and

restaurant utensils.

30. At all times applicable herein, defendant conducted business with vendors and other businesses outside the State of New York.

31. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

32. At all times applicable herein and upon information and belief, defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

33. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be longer.

34. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

35. Upon information and belief and at all times applicable herein, defendant did not display the required FLSA and NYLL posters of employee wage rights as was required by the FSLA and NYLL and the regulations thereunder.

36. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.(Unpaid Overtime)

37. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 36 above as if set forth fully and at length herein.

38. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the FLSA.

39. The named plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

40. The FLSA cause of action is brought as a collective action on behalf of the named plaintiff and all others who are/were similarly-situated and who file consents to opt-in to the action.

41. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former hourly employees of defendant who: 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

42. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 50 members of the class during the class period.

43. The class definition will be refined as is necessary, including after discovery if necessary.

44. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

45. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

46. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

47. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly-situated, overtime compensation at rates not less than one and one-half times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207. See Ex. 1.

### Relief Demanded

48. Due to Defendant's FLSA violations, plaintiff, and all those similarly-situated, are entitled to recover from defendant, their unpaid overtime compensation, <u>an additional equal amount of unpaid overtime (maximum) as liquidated damages</u>, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)

49. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 48 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

50. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

51. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of Defendant who: 1) were employed by defendant within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 4) not paid at an

overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

52. The class definition will be refined as is necessary, including after discovery if necessary.

53. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of defendant, upon information and belief, there are over 50 members of the class during the class period.

54. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

55. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

56. Upon information and belief, the claims of the representative party are typical of the claims of the class.

57. The representative party will fairly and adequately protect the interests of the class.

58. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

59. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a)   Whether, Defendant failed and/or refused to pay the plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York

Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

60. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendant and in light of the large number of putative class members.

61. At all times relevant to this action, plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

62. At all times relevant herein, defendant failed to pay and willfully failed to pay plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than one and one-half times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2. See Ex. 1.

## Relief Demanded

63. Due to defendant's NYLL overtime violations, plaintiff, and all those similarly-situated, are entitled to recover from defendant, their unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorneys' fees, and costs of the action, pursuant to NYLL § 663(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

64. Declare defendant (including its overtime and wage payment policy and practice) to be in violation of the rights of plaintiff and those similarly-situated, under the FLSA and New York Labor Law – 12 NYCRR § 142.

65. As to the **First Cause of Action**, award plaintiff and those similarly-situated who opt-in to this action, their unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

66. As to the **Second Cause of Action**, award plaintiff and those similarly-situated as class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

67. Award plaintiff prejudgement interest on all monies due.

68. Award plaintiff, and all others similarly-situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

69. Award plaintiff and all those similarly-situated such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
August 24, 2014

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul K. Hassan_____
**By: Abdul K. Hassan, Esq. (AH6510)**
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
Counsel for Plaintiff